PUTNEY & CO. v. McDOW, ASSIGNEE.

DISMISSAL OF APPEAL.—Where it appears that notice of intention to appeal has been served in good faith and within the time required by law, an appeal will be reinstated when dismissed by clerk under Rules 1 and 2.

Motion to reinstate appeal dismissed by clerk under ·Rules 1 and 2.

*Messrs. C. E. Spencer* and *Thos. F. McDow*, for motion.

*Messrs. Wm. B. McCaw* and *Hart & Hart*, contra.

Stephen Putney & Co. and other judgment creditors of A. Y. Cartwright & Co. brought an action against the assignee of A. Y. Cartwright & Co. and others, to set aside a deed of assignment and certain conveyances of realty, as being frauds upon the plaintiff creditors, and for the appointment of a receiver. On 20th August, 1895, Judge Benet filed an order holding the complaint to be a creditors' bill, setting aside the deed of assignment, holding the conveyances of real estate void, and ordering the clerk of

the court to call in, by advertisement, all the creditors of the insolvent defendant firm who were willing to come in and contribute to the expenses of the litigation. On the 14th January, 1896, Judge Townsend filed a decree, in which, among other things, he ordered, "That all necessary disbursements made and incurred by the original plaintiffs in the complaint in this action, including their traveling expenses in prosecuting the action to judgment, or, more properly speaking, until the rendition of the decree of Judge Benet, on August 28th, 1895, should be refunded to them before the fund coming into the hands of the receiver shall be ratably applied to the claims, complying with all the provisions of Judge Benet's decree." It seems that no notice of the filing of this order was served by either party, and on the 6th of June, 1896, the attorneys for assignors and certain creditors, who came in under the call under Judge Benet's decree, served notice of the filing of Judge Townsend's order, and on same day served notice of intention to appeal from such order and exceptions to that portion above quoted. This notice and exceptions were immediately returned by respondent's attorneys with the indorsement that the assignee, pursuant to said order, had accounted to the receiver, and that the receiver had paid to the original plaintiffs their necessary disbursements and traveling expenses, and that the assignee was the attorney of all parties defendant, appellant. On July 1st, 1896, Judge Ernest Gary signed an order confirming the report of the clerk on claims, filed June 23, 1896, and ordering the receiver to pay out the funds. On July 31st, 1896, the proposed "Case" with exceptions was served, but at once returned by respondents' attorneys. On October 3d, 1896, the appeal was dismissed by the clerk of this court, upon affidavits of respondents' attorneys that the "Return" had not been filed in time.

May 25, 1898. PER CURIAM. This is a motion to reinstate an appeal dismissed by the clerk under Rules 1 and

2. From an examination of the motion papers, and upon due consideration of the argument of counsel, we are satisfied that notice of intention to appeal was given in good faith, within the time prescribed by law, and upon the showing made, we are of opinion that the appeal should be reinstated.

It is, therefore, ordered, that the appeal be reinstated, and that the case be docketed for hearing at the next term of this Court.